No. 24-2120

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

MARCUS C. UNIGWE,

*Defendant-Appellant*.

On Appeal from the United States District Court
for the Territory of Guam

D.C. Case No. 21-CR-00019-4
Hon. John C. Coughenour

**UNITED STATES' MOTION FOR DISMISSAL OF APPEAL**

SHAWN N. ANDERSON, United States Attorney
Districts of Guam & the Northern Mariana Islands

Marivic P. David, Assistant United States Attorney
108 Hernan Cortez Avenue, Suite 500
Hagatna, Guam 96910
(671) 472-7332

Attorneys for Plaintiff-Appellee

1

Pursuant to the Ninth Circuit Rule 27, the Plaintiff-Appellee United States of America submits this memorandum in support of its motion for dismissal of the Defendant-Appellant's, Marcus C. Unigwe's ("Unigwe") appeal. Because Unigwe's term of imprisonment expired during the pendency of the appeal, the appeal is moot. Therefore, the Government respectfully requests that this Court dismiss Unigwe's appeal.

I. **BACKGROUND**

On May 11, 2022, a grand jury sitting in the District of Guam returned a two-count indictment charging Unigwe in count one with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, and in count 76 with conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h). ER-169-81.

On March 28, 2024, Unigwe entered a plea of guilty, pursuant to a plea agreement, ER-131-46, to an information, ER-147-51, that charged him with conspiracy to operate an unlicensed money transmitting business in violation of 18 U.S.C. §§ 371 and 1960. On April 2, 2024, Unigwe was sentenced to 18 months of imprisonment, three years of supervised release, and ordered to pay a $100 special assessment fee, $947,200 restitution, joint and several, and an *in personam* money judgment of $947,200. ER-2-14.

Unigwe appealed the 18-month sentence, arguing, in his brief filed on November 20, 2024, that the sentence should be vacated and the case remanded for

resentencing because the district court erred by (1) not applying the two-level "zero-point offender" reduction under U.S.S.G. § 4C1.1(a); and (b) applying the two-level enhancement under U.S.S.G. § 2S1.3(b)(1)(A) because Unigwe knew or believed the funds were proceeds of unlawful activity. AOB p. 3. The Government responded, filing its brief in opposition on January 21, 2025. Unigwe filed a Reply Brief on March 24, 2025. Oral argument is currently set for 9:00 a.m., June 4, 2025, before the U.S. Court of Appeals for the Ninth Circuit in the Honolulu Bankruptcy Courthouse, Hawaii. While Unigwe's appeal is pending, his term of imprisonment expired on or about May 23, 2025.

Unigwe has completed his term of incarceration. According to the Bureau of Prisons ("BOP") website, Unigwe is not in BOP custody as of May 23, 2025. *See* BOP Inmate Locator, http://www.bop.gov/inmateloc/ (last checked May 28, 2025).

## II. ARGUMENT

**Unigwe's Appeal of His Sentence of Incarceration is Moot as He Has Completed Service of His Entire Prison Sentence and He is No Longer in BOP Custody.**

Article III, Section 2 of the United States Constitution limits the subject matter jurisdiction of the federal courts to those cases that present a "case or controversy." *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). Under the case-or-controversy requirement, the "parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78 (1990)

(quoting *Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983)). "This means that … the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant *and likely to be redressed by a favorable judicial decision.*'" *Spencer,* 523 U.S. at 7 (quoting *Lewis,* 494 U.S. at 477).

Consequently, where a defendant has fully served the incarceration portion of his sentence, resentencing on *that portion* of his sentence is moot. Mootness is a jurisdictional issue and federal courts have no jurisdiction to hear cases that are moot. *Foster v. Carson,* 347 F.3d 742, 745 (9th Cir. 2003). A claim is moot if there is no longer a possibility that relief can be granted. *See United States v. Gomez-Gonzalez,* 295 F.3d 990 (9th Cir. 2002). In *Gomez-Gonzalez,* this Court recognized that mootness applied to an argument on appeal where the defendant had completed his term of incarceration. *Id.* at 990. Because defendant's term of incarceration had expired, there was no case or controversy at the time this court would have filed its opinion. The opinion was therefore withdrawn and the appeal was dismissed.

A similar analysis applies to the instant case. Here, Unigwe has completed the 18-month portion of his sentence on May 23, 2025. Thus, Unigwe's challenge to the Sentencing Guidelines calculation and his imprisonment term is moot. Under *Spencer* and *Gomez-Gonzalez*, resentencing on the incarceration portion of Unigwe's sentence is moot as to any sentence of incarceration that he has already served, and the Court lacks jurisdiction to hear Unigwe's appeal.

## III. <u>CONCLUSION</u>

Because Unigwe cannot meet the case-or-controversy requirement and this case is now moot, this Court should dismiss Unigwe's appeal.

RESPECTFULLY SUBMITTED on the 28th day of May, 2025 (ChST).

                                          SHAWN N. ANDERSON
                                          United States Attorney
                                          District of Guam and the NMI

By:   */s/ Marivic P. David*
        MARIVIC P. DAVID
        Assistant United States Attorney

4

## AFFIDAVIT

I, MARIVIC P. DAVID, state as follows:

1. I am an Assistant United States Attorney for the Districts of Guam and the Northern Mariana Islands. I represent the United States in the captioned appeal, and I am admitted to practice before this Court.

2. I make this affidavit in support of the Government's motion for an order dismissing the appeal.

3. The facts set forth in the Government's memorandum attached to this motion are true and correct to the best of my knowledge and belief.

Pursuant to 28 U.S.C. § 1746, I swear under penalty of perjury that the foregoing is true and correct.

Executed on May 28th, 2025 at Hagatna, Guam.

*/s/ Marivic P. David*
MARIVIC P. DAVID
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I certify that on May 28, 2025 (ChST), I electronically filed this Motion for Dismissal of Appeal with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system. I further certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Marivic P. David*
MARIVIC P. DAVID
Assistant United States Attorney

## **CERTIFICATE AS TO RELATED CASES**

Pursuant to Circuit Rule 28-2.6(a), I certify that, as of May 28, 2025 (ChST), I am not aware of any related cases now pending before the Ninth Circuit that may be deemed related to this one.

*/s/ Marivic P. David*
MARIVIC P. DAVID
Assistant United States Attorney
